Francis X. Coxlon, J.
The plaintiff herein brings this action to declare the marriage existing between her and the defendant to be null and void, to declare the infant issue of the marriage to be the legitimate child of both, and for incidental relief by way of alimony and maintenance for the child.
Briefly, the facts are that the defendant was married in 1941 and his wife secured a separation decree from the Supreme Court, Bronx County, in 1944. Subsequently, in 1944, defendant obtained a “mail order” Mexican decree of divorce, although neither party ever resided or was present in Mexico, and the wife did not appear in the action. Thereafter, in 1944, he married the plaintiff.
These facts are not disputed. They were admitted in the pleadings and conceded at the trial. It is undeniable that the Mexican divorce is void and a nullity and that the second marriage, therefore, could not be validly contracted between the plaintiff and defendant. However, the difficulty presented here is that the plaintiff is the participant in the second void marriage and that the reported cases, with few exceptions, are all in which the former spouse asks for a declaration of the validity of the first marriage or the nullity of the second marriage. In the situation as presented here, it would apparently be the better practice to sue for an annulment than for a declaratory judgment. However, although authority could not be found in this Department for the prosecution of an action under the factual situation in this case, in view of section 1132 of the Civil Practice Act and the case of Rosenwald v. Rosenwald (272 App. Div. 1027) in the Second Department, the court in the exercise of discretion will not dismiss this action.
At the trial, ample evidence was presented to prove that the defendant has a living wife by a prior marriage, that he is supporting her under a separation decree of this court, that he obtained a void Mexican divorce, that he married the plaintiff and that she did not participate in obtaining the void divorce and married him in the belief that he was validly divorced. Accordingly, judgment is granted to the plaintiff declaring the void marriage between the parties to be a nullity. Custody of the infant issue is awarded to the plaintiff and said issue is declared to be the legitimate child of the plaintiff (Civ. Prac. Act, § 1135). With regard to alimony and counsel fee, while the plaintiff continues to live in the present apartment and while the defendant continues to pay the carrying charges of said *227 apartment, alimony and support of the child is fixed in the amount of $50 per week commencing within one week after service of the decree, to be entered herein. If the plaintiff and her child move to a different apartment or the defendant discontinues the payment of the carrying charges, alimony will be fixed in the amount of $80 per week. Additional counsel fee in the amount of $250 is awarded the plaintiff, to be paid within two weeks after service of the decree to be entered herein. Settle findings of fact, conclusions of law and judgment in accordance herewith.